UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY L. WHEATON,

      Plaintiff,

vs.

Case No. 09-10447
HON. GEORGE CARAM STEEH

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (# 15);
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 14);
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 11); AND
DISMISSING PLAINTIFF'S CLAIMS

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Tammy Wheaton's claim for judicial review of defendant Commissioner of Social Security's denial of his application for disability insurance benefits. Wheaton alleges she is disabled due to vestibular dysfunction (including vomiting, nausea, and migraine headaches) caused by a vehicle collision. The matter was referred to Magistrate Judge Charles E. Binder, who issued a Report and Recommendation on August 20, 2009 recommending that defendant Commissioner's motion be granted, that Wheaton's motion be denied, and that the findings of the Commissioner be affirmed.

Wheaton filed her benefit application on December 10, 2002, alleging that she became unable to work on October 3, 2000. Administrative Law Judge (ALJ) Joseph D. Schloss held a hearing on August 16, 2005 and a supplemental hearing on November 1,

2006.  ALJ Schloss issued a January 25, 2007 decision finding that Wheaton's disability eligibility expired on September 20, 2004 and that Wheaton was not qualified for benefits because her impairments did not meet or equal one of the listings in the regulations and because she retained the functional capacity to perform her past work as a warranty salesperson, housekeeper and CPR trainer.[1]  The Appeals Council denied Wheaton's request for review on December 15, 2008.

An individual may obtain review of any final decision made after a hearing by the Commissioner of Social Security by filing an action in federal district court.  42 U.S.C. § 405(g).  The court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  Id.  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  Id.  The Commissioner's decision must be affirmed if the decision is supported by substantial evidence in the record and the Commissioner applied the correct legal standard.  Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).

Plaintiff sought review of the Commissioner's decision. Both parties filed summary judgment motions.  In adjudicating the competing motions for summary judgment in favor of the Commissioner, Magistrate Judge Binder found that the ALJ utilized the proper legal standard in applying the Commissioner's five-step disability analysis to Wheaton's claim and that the ALJ's credibility determinations and findings are supported by substantial

---

[1] At Step 1, the claimant must demonstrate he is not gainfully employed at the time of application.  Step 2 requires the claimant to show that he suffers from a "severe" impairment.  Step 3 requires the claimant to show that his severe impairment meets or equals an impairment as listed in Appendix 1, Subpart P, Regulations No. 4 of the Social Security Act.  See 20 C.F.R. § 404.1520(f).  Step 4 entails the Commissioner's review of the claimant's residual functional capacity and relevant past work to determine if the claimant can perform his past work.  If not, the analysis proceeds to Step 5 to determine whether the claimant can perform any other work available in the economy.  See Howard v. Commissioner of Social Security, 276 F.3d 235, 238 (6th Cir. 2002).

evidence.

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." Id. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

On August 26, 2009, plaintiff filed objections to Magistrate Judge Binder's Report and Recommendation and the defendant filed a response on September 10, 2009. Wheaton objects that Magistrate Judge Binder's opinion served to "rubber stamp" the decision of the ALJ rather than "truly analyzing" the ALJ's decision. Specifically, Wheaton objects that Magistrate Judge Binder failed to consider certain information, misunderstood information and that the ALJ improperly prevented Wheaton's counsel from asking questions of the vocational expert.

Wheaton objects that while Magistrate Judge Binder pointed out that a physical therapist found that Hallpike-Dix test was negative, Magistrate Judge Binder failed to mention that treating physician Dr. Sharon McDowell noted on December 22, 2003 that "the patient continues to get nauseated even with brief movement back and forth of her eyes. Again, I am able to elicit this on Dix-Hallpike Maneuver during the examination." Magistrate Judge Binder did not specifically mention Dr. McDowell's December 22, 2003 notes, but recognized that Wheaton experienced headaches and vomiting episodes throughout 2003. While Magistrate Judge Binder recognized these symptoms, Magistrate Judge Binder also recognized during 2003 that Wheaton demonstrated improvement and that plaintiff reported

3

in September 22, 2003 that she "felt so much better this week that she went to a shooting range for the first time in 3 years." It is not possible for a Magistrate Judge to mention every piece of medical evidence in the Report and Recommendation. Because Magistrate Judge Binder did reference a great amount of Wheaton's medical history in the Report and Recommendation, Magistrate Judge Binder's findings were based fairly upon the entire record.

Next, Wheaton states that Dr. Shaheen stated on October 6, 2000, that Wheaton "was unable to work due to motor vehicle accident" and argues that none of Wheaton's treating doctors disagreed with Dr. Shaheen's statement and that none have released her to return to work. It is unclear if any of the other doctors knew of Dr. Shaheen's statement or were asked to comment on it. Even if the other doctor's knew of Dr. Shaheen's statement, Dr. Shaheen's opinion is not entitled to controlling weight. See 20 C.F.R. § 404.1527(e)(1) (stating "We are responsible for making the determination or decision about whether you meet the statutory definition of disability . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.") Furthermore, Dr. Shaheen's statement was made in 2000 and Wheaton had shown great improvement since that time.

Next, the plaintiff argues that the Magistrate Judge and the ALJ misunderstood the July 2002 records from the McLaren Head and Spinal Cord Injury Program "when he stated that the July 2002 discharge report suggested she was 'able to return to active employment on a reduced time schedule.'" Plaintiff argues that the report shows that Wheaton was "severely limited regarding her 'ability to pursue career goals.'" Plaintiff does not identify where the Magistrate Judge or the ALJ demonstrates a "misunderstanding" of the July

4

2002 report. A complete review of the report, however, demonstrates that the July 2002 report recognized that her career goals were limited, but that she "should continue with planning other ideas and seeking potential work possibilities." The report recommends that plaintiff seek potential work possibilities, and recognizes that plaintiff may have limited career options, but that she could return to active employment.

Plaintiff also objects that the Magistrate Judge and the ALJ improperly gave weight to terms such as "continuing progress" and "felt so much better," which the plaintiff argues are subjective and irrelevant terms. These statements are indications that plaintiff's condition had improved and plaintiff has presented no evidence that they were made improperly or without foundation. Nothing in the record demonstrates that the Magistrate Judge gave improper weight to the statements or improperly relied on them.

Plaintiff also objects that the ALJ improperly prevented Wheaton's counsel from asking questions of the vocational expert. Plaintiff does not cite to a place in the record where plaintiff's counsel was improperly denied the right to ask questions and does not present any other evidence that the ALJ improperly limited Wheaton's counsel from asking questions.

Finally, the plaintiff alleges that the ALJ mistakenly attributed the Residual Functional Capacity Assessment ("RFC") to a treater rather than a state agency physician, demonstrating that the decision was not "based on a consideration of the entire case record." At the hearing, the ALJ misstated that the RFC was from a treating source. In the final report, the ALJ properly attributed the RFC to the state agency physician. A misstatement that is later corrected is not evidence precluding a finding that the decision is not supported by substantial evidence.

Plaintiff's objections are hereby OVERRULED.  Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Binder's August 20, 2009 Report and Recommendation, GRANTS defendant Commissioner's motion for summary judgment, and DENIES plaintiff Tammy Wheaton's motion for summary judgment.  Wheaton's claims are hereby DISMISSED with prejudice in their entirety.

SO ORDERED.

Dated:  November 19, 2009

>  s/George Caram Steeh
>  GEORGE CARAM STEEH
>  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 19, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---